UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

11CR119S

v.

**Order**
and
**Report &
Recommendation**

Jason Gladden,

Defendant.

Before the Court are the defendant's motion to suppress the DNA evidence (Docket No.

36)[1] and the government's motion for reconsideration of the Court's decision to hold a Daubert[2]

hearing in this case. (Docket No. 41).

On March 8, 2012, the defendant filed a motion seeking discovery of scientific testing,

specifically any DNA tests conducted in this case. (Docket No. 28). On March 9, 2012, during a

conference with Chief Judge William M. Skretny, it was noted that the information was to be

provided to the defendant. (Docket No. 29).[3] On March 26, 2012, the parties reported to Judge

---

[1] The Court construed the defendant's "memorandum of law" to be a motion to suppress
the DNA evidence. (Docket No. 39).

[2] Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

[3] It appears that the sought after information has now been provided and that the
defendant's motion (Docket No. 28) is moot.

Skretny that the documentation had not yet been provided to the defendant. The Court set an

additional status conference for June 4, 2012. (Docket No. 30). On June 4, 2012, the defendant

advised Judge Skretny the a motion would be filed on the Daubert issue. Judge Skretny referred

the parties to the undersigned for a resolution of any Daubert issues. (Docket No. 35). This Court

directed the parties to file a motion raising such issues (Docket No. 33). The defendant filed a

"Memorandum in Support of a Daubert Hearing" (Docket No. 36) which the Court construed as

a motion seeking suppression of the DNA evidence in this case. (Docket No. 39). The court

determined that a hearing was appropriate. (Docket No. 39). The government seeks

reconsideration of that Order. (Docket No. 41). A briefing schedule with respect to the motion

directed that the defendant file a response by August 28, 2012. (Docket No. 43). The defendant

did not file a response to the instant motion.[4]

The facts do not seem to be in dispute in this matter. In the defendant's initial papers

seeking a Daubert hearing, the defendant argued that the Erie County Forensic Laboratory ("the

Lab") used a "relatively low analytical threshold of $\geq 50$ RFU" [Relative Fluorescence Units]

which resulted in "unreliable statistical figures linking Mr. Gladden to the shotgun." (Docket No.

36 at page 2). It appears undisputed that one test performed by the Lab had an RFU of $\geq 50$, while

another test had an RFU of $\geq 100$.[5] The defendant argues that both results should have been

---

[4] At the time the government file the instant motion for reconsideration, the government also filed a motion for an extension of time to file objections to this Court's Order scheduling the Daubert hearing. (Docket No. 40). The defendant did file a response to that motion challenging the authority of the government to file objections with respect to the decision to conduct a hearing. (Docket No. 44). That filing by the defendant does not address the factual or legals issues regarding whether a Daubert hearing is warranted in this case.

[5] The government has submitted a "statement" from Dr. John Simich, Director of the Lab, stating that the Lab protocol allows the DNA analyst to "increase the instrument injection

included in the calculation of the statistical probability that the DNA belonged to an individual other than the defendant. (Docket No. 36 at page 6). Thus, the defendant does not appear to challenge the scientific methods employed in testing and analyzing the DNA samples at issue, but argues that because the Lab included some results, but not others, in calculating the statistical probabilities, that those calculations are "intentionally deceptive." (Docket No. 36 at page 6).

The government argues that a hearing is not warranted in this case and that the defendant's arguments go toward the weight of the evidence, which is not the subject of a Daubert hearing. Daubert and its progeny held that Federal Rule of Evidence 702 imposes "a special obligation upon a trial judge," Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999), to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable," Daubert, supra, 509 U.S. at 589 (emphasis added). The decision to admit expert testimony is "left to the broad discretion of the trial judge and will be overturned only when manifestly erroneous," McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1042 (2d Cir. 1995).

Here, the defense does not challenge the viability of the scientific method used by the Lab, but instead challenges the conclusions rendered. Such challenges go to the weight of the opinion and not to its admissibility. See Fidelity National Title Ins. V. Intercounty National Title, 2002 WL l433717 (N.D. Ill 2002)(objections to threshold RFU levels used by DNA expert go to weight, not admissibility); United States v. Page, 2000 WL 139471, at *8 (N.D.Ill. 2000) (laboratory protocol for DNA evidence goes to weight, not admissibility); Joseph S. v. Hogan,

_____

time for samples that exhibit alleles below the analytical threshold and the reporting threshold on the first injection." (Docket No. 37-1 at page 3). It appears undisputed, in this case, that the DNA analyst repeated the test on the DNA sample "with the increased injection time" which resulted in results above the threshold. (Docket No. 37-1 at page 3).

2011 WL 2848330 at *(E.D.N.Y. 2011)(Daubert hearing not needed; rejecting the defendants'
contention that the plaintiff's expert "cherry-picked" data upon which opinion was based). As
noted above, there does not appear to be a factual dispute necessitating an evidentiary hearing in
this case. The defendant challenges the accuracy of the statistical conclusions determined by the
Lab. The defendant can certainly cross-examine the government's expert, and present his own
evidence, in an attempt to persuade the trier of fact that the calculations by the Lab (which do not
to include all the test results) are inaccurate.

Thus, the government's motion for reconsideration is **granted** and the defendant's motion
for a Daubert hearing is **denied**. Further, based on the above, the defendant's motion to suppress
the DNA evidence should also be **denied.**

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report &
Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the
Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk
of this Court within fourteen(14) days after receipt of a copy of this Report &
Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the
Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION
WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO
FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER
BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED
HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v.

Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir.

1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil

Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to

consider arguments, case law and/or evidentiary material which could have been, but was not,

presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v.</u>

<u>Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3),

"written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may**

**result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 20, 2012